IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)** | MDL No. 6:20-md-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

WHEREAS, this matter comes before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to Class Representatives[1] (the Motion);

WHEREAS, the Court, having considered (a) the Settlement Agreement, dated August 6, 2024;[2] (b) the Court's August 20, 2024 Preliminary Approval Order;[3] (c) the Motion; (d) the supporting Declaration of Melinda R. Coolidge;[4] and (e) all other papers and proceedings herein;

WHEREAS, the Court held a Fairness Hearing on January 7, 2025;

WHEREAS, the Court having considered all of the submissions and arguments with respect to the Settlements, and otherwise being fully informed, and good cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Motion, unless otherwise defined herein.

I. **AWARD OF ATTORNEYS' FEES**

2. Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount of on-third of the Pilgrim's Settlement fund of $100 million (plus accrued interest) is well within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

3. The percentage-of-recovery method of calculating attorneys' fees is appropriate in this Action, as the Tenth Circuit expressly prefers that method in determining the award of attorneys' fees in common fund cases.

4. While a lodestar crosscheck is not required in the Tenth Circuit, such a check further supports the reasonableness of the fee award. Class Counsel have spent more than 56,000 hours litigating the Action, producing a total lodestar amount of $36,038,708.80 based on

---

[1] Dkt. 628, *Plaintiffs' Motion and Memorandum of Law in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to Class Representatives*. Unless otherwise specified, all docket citations are to the MDL docket No. 6:20-md-2977 (E.D. Okla.).

[2] Dkt. 614, *Plaintiffs' Motion and Memorandum of Law in Support of Motion for Preliminary Approval of Settlement with Pilgrim's and for Certification of the Settlement Class*.

[3] Dkt. 617, *Order Preliminarily Approving Settlement with Pilgrim's, Certifying the Settlement Class for Purposes of Settlement, and Appointing Settlement Class Counsel*.

[4] Dkt. 628-1, *Declaration of Melinda R. Coolidge in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to Class Representatives* (*Coolidge Decl.*).

1

each firm's standard current hourly rates.[5] A fee award of one-third of the Pilgrim's Settlement fund, combined with the prior fee awards in this case, would total $56.33 million. This amount reflects a multiplier of approximately 1.56.[6] This lodestar crosscheck multiplier is in line with lodestar multipliers that courts in this Circuit have found to be reasonable in comparable common fund cases.

5. Both the Direct Notice and the Publication Notice indicated that Class Counsel would seek a fee award of up to one-third of the combined amount of the Settlements in addition to reimbursement of costs and service awards.[7]

6. Accordingly, Class Counsel's request for an award of one-third of the $100 million cash value of the Pilgrim's Settlement (plus interest), which equals a fee award of $33,333,333 plus one-third of any accrued interest, is granted.

## II.     REIMBURSEMENT OF EXPENSES

7. The Court finds that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted. Presently, the total amount of Class Counsel's requested cost reimbursement is $402,434.23, which is the total of unreimbursed out-of-pocket expenses, litigation fund expenditures, and outstanding invoices.[8] These collective expenses were reasonably incurred and expended for the direct benefit of the Settlement Classes and should therefore be reimbursed.

8. Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $402,434.23 is granted.

## III.     SERVICE AWARDS TO THE CLASS REPRESENTATIVES

9. The Court finds that Class Counsel's request for service awards of $100,000 for each of the seven Class Representatives[9] is appropriate. This amount, when combined with the prior service awards of $50,000, equates to a total value of $150,000 for each Class

---

[5] *See Coolidge Decl.* ¶ 151.

[6] *Id.* ¶ 152.

[7] *Id.* ¶¶ 128, 138, 146.

[8] *Id.* ¶ 156.

[9] The term "Class Representatives" refers to the Plaintiffs in this action that are class representatives: Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles B. Weaver, Marc McEntire, Karen McEntire, and Mitchell Mason. For purposes of the requested service awards, Class Representatives with a familial relationship (Marc McEntire and Karen McEntire) are treated as a single Class Representative.

2

Representative.

10. Each of the Class Representatives has expended considerable time and effort to aid in the prosecution of this case, including: preparing the complaints by providing information about their experiences as Growers; meeting with Co-Lead Counsel telephonically and in-person multiple times to provide access to their hard copy and electronic files in order to respond to Defendants' document requests; producing more than 10,000 pages of documents; consulting multiple times with Co-Lead Counsel to prepare written responses to discovery, including reviewing drafts prior to service; attending Court hearings, both in-person and virtual (via Zoom); preparing and sitting for depositions; meeting with Co-Lead Counsel to discuss potential settlement proposals; and more.[10]

11. Accordingly, Class Counsel's request for service awards of $100,000 for each of the seven Class Representatives is granted.

## IV. CO-LEAD COUNSEL IS AUTHORIZED TO DISTRIBUTE THE AWARDED ATTORNEYS' FEES

12. Co-Lead Counsel shall allocate the fees and expenses among all of the counsel representing Plaintiffs based upon Co-Lead Counsel's evaluation of the contribution of such counsel to the prosecution and resolution of this litigation.

## V. THE COURT RETAINS JURISDICTION

13. Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

SO ORDERED this 7th day of January 2025.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[10] *Coolidge Decl.* ¶¶ 71, 158–166.